# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ARMANDO VIDES SERRANO, | ) | 3:12-cv-00149-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| GRAND SIERRA RESORT, et. al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 1)[1] and pro se Complaint (Doc. # 1-1).

Preliminarily, the court would like to explain to the parties that this matter somehow "slipped between the cracks" and did not surface on the court's action-item list until defense counsel contacted the court in February, 2013. The court apologizes for the delay in assessing this matter.

In addition, the court observes that currently pending is Defendant Grand Sierra Resort's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 4(m). (Doc. # 3.) This motion appears to be fully briefed. (*See* Docs. 5 and 6.) The basis for the motion is Plaintiff's failure to serve the Complaint within 120 days of its filing as is required under Rule 4(m). (Doc. # 3.)

Plaintiff filed his application for leave to proceed in forma pauperis on March 19, 2012, in conjunction with his pro se Complaint. (Doc. # 1, Doc. # 1-1.) As is explained in further

---

[1]Refers to court's docket number.

detail below, when a pro se plaintiff files an application to proceed in forma pauperis, the court is required to screen the complaint before it is filed. As the court indicated above, due to an internal error, it did not become aware of the application for leave to proceed in forma pauperis until just recently, and therefore, the Complaint had not yet been screened or filed. The court will perform the screening function at this time; however, because the Complaint was not yet technically filed at the time Grand Sierra Resort filed its motion, the court recommends that Grand Sierra Resort's Motion to Dismiss (Doc. # 3) be denied as the filing of the Complaint triggers the 120 day provision in Rule 4(m).

## I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

The application indicates that Plaintiff's monthly income is $275. (Doc. # 1 at 1.) He currently has $200 in cash or in a checking or savings account. (*Id.* at 2.) His monthly expenses include $400 in utility payments and $100 for gasoline. (*Id.*) He has $25,000 in debt owed to Renown. (*Id.*) Taking into account that Plaintiff's monthly expenses and debt far exceed his monthly income, it appears that Plaintiff would be unable to pay the $350 filing fee. Accordingly, Plaintiff's application to proceed in forma pauperis should be granted.

## II. SCREENING

**A. Standard**

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v.*

*Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th ir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice

and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Plaintiff's Complaint**

Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983 . (Doc. # 1-1 at 1.) He names as defendants: Grand Sierra Resort, Bill Rasso (a union representative), John Stewart (a Grand Sierra Resort supervisor), Diana Boucas (a Grand Sierra Resort Manager), and Ray Lesly (a Grand Sierra Resort employee). (*Id*. at 1-3.)

First, Plaintiff alleges that Mr. Rasso was in charge of looking at "false accusations" to present to a union lawyer, but Plaintiff asserts that there was never a discussion between parties to present evidence regarding "the case" to the E.E.O.C. (Doc. # 1-1 at 3.)

Next, in Count I, Plaintiff asserts that his "right of seniority of the daily schedule was violated many times by the supervisor." (Doc. # 1-1 at 4.) Plaintiff alleges that some sort of confidential verbal agreement regarding his health was in place with Mr. Stewart, and that he was told by Mr. Leslie to bring a doctor's note regarding his diabetic health issue in order to work in the laundry. (*Id*.) He goes on to allege that Mr. Stewart's job includes the responsibility of telling employees who do not have a position to work at any bar. (*Id*.) Plaintiff claims that he was told there were no other available positions open, but this was not actually the case. (*Id*.)

In Count II, Plaintiff avers that a machine was put in at a bar where he worked, but this machine was not installed in any other bar. (Doc. # 1-1 at 5.) He claims that it was ordered by Ms. Boucas, and its purpose is to bring up orders to customers on the casino floor. (*Id*.) Plaintiff goes on to allege that an unidentified cocktail waitress was told to make statements regarding Plaintiff's performance, and Plaintiff confronted her about these statements. (*Id*.) Plaintiff then claims that the Reno Police Department was involved in a situation where Ms. Boucas had accused Plaintiff of serving a minor and that investigation led to Plaintiff's suspension. (*Id*.) Plaintiff states that he asked for proof that he served a minor, but no "leading evidence" was produced. (*Id*.)

In Count III, Plaintiff alleges that Mr. Lesly started to spy on Plaintiff, and then he and someone from human resources "got together to establish a termination." (Doc. # 1-1 at 6.) It appears that the termination related to expired drink tokens, but Plaintiff's allegations in this regard are unclear. (*Id.*) Plaintiff goes on to assert recount other accusations that were apparently made against him. (*Id.*)

**C. Analysis**

First, the court finds that Plaintiff has improperly brought this action pursuant to 42 U.S.C. § 1983, which creates a cause of action allowing a plaintiff to enforce federal rights created by the Constitution or federal statute. *See id.; see also Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). "To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989). Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

Here, Plaintiff's Complaint is directed at Grand Sierra Resort, a private entity, and several private individuals. He has not alleged that the conduct in question was committed by any person acting under color of state law. Accordingly, to the extent he brings this action under 42 U.S.C. § 1983, his claims should be dismissed.

Next, while it is difficult to discern from Plaintiff's allegations, it appears that he is making some sort of claim for wrongful termination. However, Plaintiff has not included allegations that would bring his wrongful termination claim within the jurisdiction of the federal court. His allegations do not give rise to a claim under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et. seq., which prohibits classification or adverse employment action based on race, color, national origin, sex or religious preference. While Plaintiff makes reference to his health, he in no way alleges that he was terminated because of his health or that he was not provided with a reasonable accommodation so as to give rise to a claim under the Americans with Disabilities Act, 42 U.S.C. § 12111, et. seq. Instead, he alleges that he was

1  suspended after being accused of serving a minor and was terminated related to some
2  accusations regarding expired drink tokens.

3      The court does not opine on whether Plaintiff's Complaint contains any colorable state
4  law claims. Instead, the court finds that Plaintiff does not state any federal claims and
5  recommends that the court decline to exercise supplemental jurisdiction over any potential
6  state law claims pursuant to 28 U.S.C. § 1367(c)(3). Therefore, Plaintiff's action should be
7  dismissed with prejudice as to any federal claims.

8                    **III. RECOMMENDATION**

9      **IT IS HEREBY RECOMMENDED THAT**:

10      (1) Plaintiff's request to proceed in forma pauperis (Doc. # 1) be **GRANTED.** The Clerk
11  of the Court should be instructed to **FILE** the Complaint (Doc. # 1-1). The movant herein
12  should be permitted to maintain this action to conclusion without the necessity of prepayment
13  of fees or costs or the giving of security therefor.  This order granting in forma pauperis status
14  should not extend to the issuance of subpoenas at government expense.

15      (2) Defendant Grand Sierra Resort's Motion to Dismiss (Doc. # 3) should be **DENIED**;
16      (3) The action should be **DISMISSED WITH PREJUDICE** as to any federal claims,
17  and the court should decline to exercise jurisdiction over any potential state law claims
18  pursuant to 28 U.S.C. § 1367(c)(3).

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

6

The parties should be aware of the following:

1.     That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED:   March 1, 2013.


_____
WILLIAM G.  COBB
UNITED STATES MAGISTRATE JUDGE