**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ARMANDO VIDES SERRANO,  )
              )
      Plaintiff,  )
              )
  v.  )   3:12-cv-149-RCJ-WGC
              )
GRAND SIERRA RESORT, et al.,  )   **ORDER**
              )
      Defendants.  )
              )
_____  )

Currently before the Court is Plaintiff's Motion for Reconsideration (#15).

**BACKGROUND**

On March 19, 2012, Plaintiff Armando Vides Serrano, then *pro se*, filed a motion to proceed in forma pauperis and attached a civil rights complaint pursuant to 42 U.S.C. § 1983. (Mot. to Proceed In Forma Pauperis (#1); Compl. (#1-1)). On February 11, 2013, Defendant Grand Sierra Resort filed a motion to dismiss for failure to serve the complaint pursuant to Federal Rule of Civil Procedure 4(m). (Mot. to Dismiss (#3) at 2).

On March 1, 2013, Magistrate Judge William G. Cobb issued a report and recommendation ("R&R"). (R&R (#7) at 1). The magistrate judge explained that Plaintiff's motion to proceed in forma pauperis and *pro se* complaint had slipped between the cracks and did not surface on the court's action-item list until February 2013. (*Id.*). The magistrate judge explained that when a *pro se* plaintiff files an application to proceed in forma pauperis, the court is required to screen the complaint before it is filed. (*Id.* at 2). The magistrate judge explained that because the court just recently became aware of the application, the complaint had not yet been screened or filed. (*Id.*). The magistrate judge recommended to this Court

that Defendant's motion to dismiss be denied since the complaint had not yet been filed and, thus, the 120-day provision in Rule 4(m) had not been triggered. (*Id.*).

With respect to the motion to proceed in forma pauperis, the magistrate judge recommended that the Court grant the application. (*Id.*). However, with respect to screening the complaint, the magistrate judge recommended that this Court dismiss the action with prejudice as to any federal claims. (*Id.* at 6). The magistrate judge stated that Plaintiff's complaint was directed at the Grand Sierra Resort, a private entity, and, thus, Plaintiff did not allege that the conduct in question was committed by a person acting under color of state law pursuant to 42 U.S.C. § 1983. (*Id.* at 5). Additionally, the magistrate judge found that Plaintiff appeared to be "making some sort of claim for wrongful termination" but did not include allegations that would bring his wrongful termination claim within the jurisdiction of the federal court. (*Id.*). The magistrate judge found that Plaintiff only alleged that he had been suspended after being accused of serving alcohol to a minor and was terminated in relation to accusations regarding expired drink tokens. (*Id.* at 5-6). The magistrate judge informed Plaintiff that he had 14 days to file objections to the R&R. (*Id.* at 7).

Objections to the R&R were due on March 18, 2013. (*See* Docket Sheet Entry (#7)). On March 15, 2013, attorney Jeffrey A. Dickerson filed a notice of appearance as counsel of record for Plaintiff. (Notice of Appearance (#8) at 1). Dickerson stated that "[t]he Court [could] stop review of the Recommendation on screening as Plaintiff [would] soon be filing an amended complaint that [was] consistent with the Charge before the EEOC." (*Id.*).

On March 28, 2013, Plaintiff filed an amended complaint against Defendant Grand Sierra Operating Corporation. (Am. Compl. (#9) at 1). The amended complaint alleged the following. (*Id.*). Plaintiff received a notice of right to sue letter and filed the action within 90 days of its receipt. (*Id.*). Defendant had employed Plaintiff as a bartender from November 14, 1988 to June 30, 2010. (*Id.*). In June 2009, Plaintiff informed Defendant of his disability. (*Id.*). Plaintiff told his supervisor and human resources "that he had diabetes and would require accommodation in terms of breaks when he became weak or dizzy." (*Id.*). After Plaintiff reported his disability to Defendant, "he was scrutinized and disciplined when others similarly

situated, without a disability, were not." (*Id.*). "Plaintiff was written up for charging for water when it [was] company policy to do so. Management voided a customer's tab and wrote Plaintiff up for the resulting cash variance." (*Id.*). "On June 28, 2010, while working his shift, Plaintiff informed his supervisor he was not feeling well, was weak and dizzy and that he was losing his ability to think. The supervisor indicted he did not know anything about Plaintiff's disability and walked away." (*Id.* at 2). Shortly thereafter, Plaintiff "received and accepted two expired drink tickets" and because he was weak and dizzy he neglected to check the expiration dates. (*Id.*). Plaintiff was suspended pending discharge for accepting the expired drink tickets. (*Id.*). Plaintiff alleged that "[o]thers similarly situated, without a disability, [had] accepted drink tickets and [had not been] terminated." (*Id.*). Plaintiff alleged that he had not suffered any adverse employment actions prior to disclosing his disability. (*Id.*).

In the amended complaint, Plaintiff alleged one cause of action. (*Id.*). Plaintiff alleged that: (1) he was an individual with a disability within the meaning of the Americans with Disabilities Act ("ADA"), (2) he could perform the essential functions of his position with accommodation, (3) Defendant failed to interact with Plaintiff toward a reasonable accommodation, (4) Defendant failed to reasonably accommodate Plaintiff's disability, and (5) Defendant terminated Plaintiff because of his disability. (*Id.*). Plaintiff asserted that Defendant was liable under 42 U.S.C. §§ 12112, 12203 for general damages for disability discrimination in the form of emotional distress, mental anguish, harm to reputation, humiliation, embarrassment, loss of enjoyment of life, and special damages. (*Id.*). Plaintiff also sought an injunction enjoining Defendant to train its managers and supervisors in the requirements and prohibitions of the ADA. (*Id.*).

After receiving an extension to file an answer or otherwise plead, Defendant Grand Sierra Resort filed a motion to dismiss the amended complaint on May 28, 2013. (Stip. to Extend (#10); Order (#11); Mot. to Dismiss (#12)). Plaintiff's response was due on June 7, 2013. (*See* Docket Sheet Entry (#12)). However, on June 5, 2013, this Court entered an order adopting and accepting the magistrate judge's R&R dismissing this action with prejudice. (Order (#14) at 1).

On June 12, 2013, Plaintiff filed the pending Motion for Reconsideration.  (Mot. for Reconsideration (#15) at 1).

**LEGAL STANDARD**

**I.      Motion for Reconsideration**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).  Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

**II.     Motion to Dismiss**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss.  However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions.  *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does

not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Plaintiff, now counseled, files a motion for the Court to reconsider its order dismissing this case with prejudice. (Mot. for Reconsideration (#15) at 1). Plaintiff asserts that "[g]ood cause exists in that absent the request manifest injustice will occur." (*Id.*). Plaintiff asserts that his NERC/EEOC notice of charge demonstrates that he filed under the ADA and ADEA. (*Id.* at 2). Plaintiff asserts that his amended complaint sets forth a claim under the ADA for

disability discrimination and retaliation. (*Id.*). Plaintiff argues that even if the amended complaint did not supersede the original complaint and render the R&R moot, a manifest injustice results from the Court's adoption of the R&R. (*Id.*). Plaintiff contends that because Defendant is "obviously willing to accept service and respond to the Amended Complaint" it would not be prejudiced by reviving the action. (*Id.* at 3).

In response, Defendant Grand Sierra Resort argues that Plaintiff fails to support his motion for reconsideration with legal authority and cogent argument. (Opp'n to Mot. to Reconsideration (#16) at 4). Defendant asserts that the motion for reconsideration fails because it contains new arguments that could have been previously raised. (*Id.* at 6-7). Specifically, Defendant argues that Plaintiff could have filed objections to the R&R and stated that it should not be adopted because he intended to file an amended complaint that would remedy the defects identified in the original complaint. (*Id.* at 7). Defendant asserts that Plaintiff waived his right to file a motion for reconsideration and/or an amended complaint because he failed to file objections to the R&R. (*Id.* at 8).

Plaintiff filed a reply. (Reply to Mot. for Reconsideration (#17)).

As an initial matter, the Court finds that Plaintiff's attorney should have filed objections to the R&R instead of filing a notice of appearance that directed the Court to "stop review of the Recommendation on screening." (Notice of Appearance (#8) at 1); *see* Fed. R. Civ. P. 72(b)(2). Because the R&R recommended dismissing the complaint without leave to amend, the Court finds that the screening was dispositive. *See* Fed. R. Civ. P. 72(b)(1). As such, Plaintiff's failure to object to the R&R did not forfeit review of the R&R. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) (holding that "a party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order").

The Court finds that, in light of the amended complaint, the Court's order dismissing Plaintiff's complaint without leave to amend is manifestly unjust given that the amended complaint arguably attempts to state a discrimination claim under the ADA. As discussed below, Plaintiff still fails to state a claim under the ADA. However, the Court grants Plaintiff

6

leave to file a final second amended complaint. If Plaintiff fails to state a cause of action in the second amended complaint, the Court will find amendment futile and dismiss the case with prejudice.

Under the ADA, a disparate treatment or disparate impact claim is different from a reasonable accommodation claim. *McGary v. City of Portland*, 386 F.3d 1259, 1265-66 (9th Cir. 2004). "A plaintiff need not allege either disparate treatment or disparate impact in order to state a reasonable accommodation claim." *Id*. at 1266. However, the two claims are analyzed differently. *Id*. To prevail on an employment termination claim under the ADA, a plaintiff must establish that: (1) he is a disabled person within the meaning of the ADA, (2) he is qualified with or without reasonable accommodation (which he must describe) to perform the essential functions of the job, and (3) the employer terminated him because of his disability. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

In this case, Plaintiff alleges one cause of action but then appears to allege facts for both a disparate treatment claim and a reasonable accommodation claim. (*See* Am. Compl. (#9) at 2). Because these are two different claims, Plaintiff fails to state a claim by combining the elements of both claims into one claim. As such, the Court finds that Plaintiff fails to state a claim. However, the Court grants Plaintiff leave to amend the complaint to state either a claim for disparate treatment or reasonable accommodation or both. Plaintiff shall file a second amended complaint within 20 days of this order with no extensions. Defendant shall answer or otherwise plead in accordance with the Federal Rules of Civil Procedure and the Local Rules.

///
///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Reconsideration (#15) is GRANTED. The Clerk of the Court shall reopen the case.

IT IS FURTHER ORDERED that Plaintiff shall file a Second Amended Complaint within 20 days of this order. Defendant shall file an answer or otherwise plead in accordance with the Federal Rules of Civil Procedure and the Local Rules.

Dated this 16th day of September, 2013.

_____
United States District Judge