1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ARMANDO VIDES SERRANO,
       Plaintiff,

    v.

GRAND SIERRA OPERATING
CORPORATION, a Nevada corporation,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

3:12-cv-149-RCJ-WGC

**ORDER**

Currently before the Court is Defendant's Motion to Dismiss the Second Amended Complaint (#20).

**BACKGROUND**

I.    **Procedural History**

On March 19, 2012, Plaintiff Armando Vides Serrano, then *pro se*, filed a motion to proceed in forma pauperis and attached a civil rights complaint pursuant to 42 U.S.C. § 1983. (Mot. to Proceed In Forma Pauperis (#1); Compl. (#1-1)).  On February 11, 2013, Defendant Grand Sierra Resort filed a motion to dismiss for failure to serve the complaint pursuant to Federal Rule of Civil Procedure 4(m).  (Mot. to Dismiss (#3) at 2).

On March 1, 2013, Magistrate Judge William G. Cobb issued a report and recommendation ("R&R").  (R&R (#7) at 1).  The magistrate judge explained that Plaintiff's motion to proceed in forma pauperis and *pro se* complaint had slipped between the cracks and did not surface on the court's action-item list until February 2013.  (*Id.*).  The magistrate judge explained that when a *pro se* plaintiff files an application to proceed in forma pauperis, the court is required to screen the complaint before it is filed.  (*Id.* at 2).  The magistrate judge

explained that because the court just recently became aware of the application, the complaint had not yet been screened or filed.  (*Id.*).  The magistrate judge recommended to this Court that Defendant's motion to dismiss be denied since the complaint had not yet been filed and, thus, the 120-day provision in Rule 4(m) had not been triggered.  (*Id.*).

With respect to the motion to proceed in forma pauperis, the magistrate judge recommended that the Court grant the application.  (*Id.*).  However, with respect to screening the complaint, the magistrate judge recommended that this Court dismiss the action with prejudice as to any federal claims.  (*Id.* at 6).  The magistrate judge stated that Plaintiff's complaint was directed at the Grand Sierra Resort, a private entity, and, thus, Plaintiff did not allege that the conduct in question was committed by a person acting under color of state law pursuant to 42 U.S.C. § 1983.  (*Id.* at 5).  Additionally, the magistrate judge found that Plaintiff appeared to be "making some sort of claim for wrongful termination" but did not include allegations that would bring his wrongful termination claim within the jurisdiction of the federal court.  (*Id.*).  The magistrate judge found that Plaintiff only alleged that he had been suspended after being accused of serving alcohol to a minor and was terminated in relation to accusations regarding expired drink tokens.  (*Id.* at 5-6).  The magistrate judge informed Plaintiff that he had 14 days to file objections to the R&R.  (*Id.* at 7).

Objections to the R&R were due on March 18, 2013.  (*See* Docket Sheet Entry (#7)).  On March 15, 2013, attorney Jeffrey A. Dickerson filed a notice of appearance as counsel of record for Plaintiff. (Notice of Appearance (#8) at 1).  Dickerson stated that "[t]he Court [could] stop review of the Recommendation on screening as Plaintiff [would] soon be filing an amended complaint that [was] consistent with the Charge before the EEOC."  (*Id.*).

On March 28, 2013, Plaintiff filed an amended complaint against Defendant Grand Sierra Operating Corporation.  (Am. Compl. (#9) at 1).  On May 28, 2013, Defendant Grand Sierra Resort filed a motion to dismiss the amended complaint.  (Mot. to Dismiss (#12)).  Plaintiff's response was due on June 7, 2013.  (*See* Docket Sheet Entry (#12)).  However, on June 5, 2013, this Court entered an order adopting and accepting the magistrate judge's R&R dismissing this action with prejudice.  (Order (#14) at 1).

1    On June 12, 2013, Plaintiff filed a Motion for Reconsideration.  (Mot. for
2 Reconsideration (#15) at 1).  In September 2013, this Court found that "in light of the amended
3 complaint, the Court's order dismissing Plaintiff's complaint without leave to amend [was]
4 manifestly unjust given that the amended complaint arguably attempt[ed] to state a
5 discrimination claim under the ADA."  (Order (#18) at 6).  This Court granted the motion for
6 reconsideration but found that Plaintiff still failed to state a claim under the ADA.  (*Id.* at 6, 8).
7 This Court granted Plaintiff leave to amend to file a "final second amended complaint."  (*Id.*
8 at 6-7).  This Court stated that if Plaintiff failed to state a cause of action in the second
9 amended complaint, this Court would "find amendment futile and dismiss the case with
10 prejudice."  (*Id.* at 7).

11 **II.    Second Amended Complaint**

12    In September 2013, Plaintiff filed his second amended complaint ("SAC") against
13 Defendant Grand Sierra Operating Corporation and alleged the following.  (SAC (#19) at 1).
14 Plaintiff exhausted his administrative remedies timely, received notice of his right to sue, and
15 filed this action within 90 days of receipt thereof.  (*Id.*).  Defendant had employed Plaintiff as
16 a bartender from November 14, 1988 to June 30, 2010.  (*Id.*).  In June 2009, Plaintiff informed
17 Defendant of his disability.  (*Id.*).  "Plaintiff disclosed to his supervisor and human resources
18 that he had diabetes and would require accommodation in terms of breaks when he became
19 weak or dizzy."  (*Id.*).  His supervisor and HR representative did not object.  (*Id.*).

20    The SAC alleged the following.  (*Id.*).  "After Plaintiff reported his disability to Defendant,
21 he was scrutinized and disciplined when others similarly situated, without a disability, were
22 not."  (*Id.*).  "Plaintiff was written up for charging for water when it [was] company policy to do
23 so."  (*Id.*).  Management had voided a customer's tab and wrote Plaintiff up for the cash
24 variance.  (*Id.* at 2).  On June 28, 2010, while on shift, Plaintiff informed his supervisor that he
25 was not feeling well, was weak and dizzy, and was losing his ability to think and needed a
26 break.  (*Id.*).  The supervisor indicated that he did not know anything about Plaintiff's disability,
27 walked away, and denied the accommodation.  (*Id.*).  "Shortly thereafter, Plaintiff received and
28 accepted two expired drink tickets."  (*Id.*).  "Plaintiff was weak and dizzy and neglected to

check the expiration dates." (*Id.*).  He was "suspended pending discharge purportedly for accepting the expired drink tickets, and then terminated." (*Id.*).  "Others similarly situated, without a disability, have accepted drink tickets and were not terminated." (*Id.*).  Plaintiff had not suffered any adverse employment actions prior to disclosing his disability. (*Id.*).

The SAC alleged three causes of action.  (*Id.* at 2-3).  In the first cause of action, Plaintiff alleged that he was an individual with a disability within the meaning of the ADA who could perform the essential functions of his position with the break accommodation.  (*Id.*). Plaintiff alleged that Defendant failed to interact with him toward a reasonable accommodation and that Defendant had failed to reasonably accommodate his disability. (*Id.*).  Plaintiff alleged that Defendant was liable under 42 U.S.C. §§ 12112, 12203.  (*Id.*).  In the second cause of action, Plaintiff alleged that he was terminated because of his disability and that Defendant was liable under 42 U.S.C. § 12112.  (*Id.* at 3).  In the third cause of action, Plaintiff alleged that he was terminated for exercising his rights under the ADA subjecting Defendant to liability under 42 U.S.C. § 12203.  (*Id.*).

The pending motion now follows.

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations.  *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  Such allegations must be construed in the light most favorable to the nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss.  However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions.  *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The issue is not whether a plaintiff will ultimately prevail but whether the claimant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations;  rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007));  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

17

**DISCUSSION**

18
19
20
21
22
23
24
25
26
27
28

Defendant argues that the statute of limitations bars Plaintiff's lawsuit. (Mot. to Dismiss (#20) at 7). Defendant argues that Plaintiff had to file his lawsuit within 90 days of receiving his right to sue letter which was March 21, 2012. (*Id.* at 7-8). Defendant asserts that Plaintiff's complaint was not filed until March 1, 2013 (after the magistrate judge screened the complaint). (*Id.* at 8). Defendant asserts that, even if March 19, 2012 is treated as the date that Plaintiff filed his complaint, the action must be dismissed because Plaintiff failed to effectuate timely service of that complaint because Plaintiff served Defendant on April 25, 2013. (*Id.* at 9). With respect to the substantive allegations of the complaint, Defendant argues that Plaintiff's complaint is devoid of factual support because he provides conclusory allegations. (*Id.* at 10-11). Defendant asserts that Plaintiff fails to state a claim for failure to accommodate because he fails to establish that his diabetes is a disability. (*Id.* at 12).

1   Defendant contends that Plaintiff's disparate treatment claim fails because Plaintiff does not

2   identify any of the alleged similarly situated employees or any facts on how these individuals

3   were similar to him. (*Id.* at 13). Defendant argues that Plaintiff's retaliation claim fails because

4   Plaintiff did not exhaust his administrative remedies with respect to this claim because he only

5   identified discrimination based on disability in his Nevada Equal Rights Commission ("NERC")

6   charge of discrimination and amended charge and failed to mark retaliation both times. (*Id.*

7   at 14). Defendant asserts that Plaintiff fails to plead sufficient causation in his retaliation claim.

8   (*Id.* at 15).

9       In support of its motion to dismiss, Defendant attached the following exhibits. In May

10  2010, Plaintiff filed a charge of discrimination with NERC alleging discrimination based on

11  "disability." (NERC Charge of Discrimination (#20-1) at 5). On August 13, 2010, Plaintiff filed

12  an amended charge of discrimination with NERC alleging discrimination based on "disability."

13  (Amended NERC Charge of Discrimination (#20-1) at 15-16). On November 29, 2011, NERC

14  closed the charge because the evidence presented had not met the legal criteria for

15  establishing that discriminatory acts had occurred. (NERC Dismissal Ltr. (#20-1) at 19). On

16  December 19, 2011, the U.S. Equal Employment Opportunity Commission ("EEOC") mailed

17  Plaintiff a dismissal and notice of rights letter which informed Plaintiff that the EEOC had

18  adopted the findings of the state or local fair employment practices agency that investigated

19  the charge. (EEOC Right to Sue Ltr. (#20-1) at 21). The right to sue letter informed Plaintiff

20  that he could file a lawsuit against Defendant under federal law based on his charge in federal

21  or state court but that the lawsuit had to be filed within 90 days of receipt of the letter. (*Id.*).

22      In response, Plaintiff asserts that equitable tolling applies because he sought

23  permission to proceed in forma pauperis and attached a complaint within the 90-day period

24  and could not effectuate service until after screening. (Opp'n to Mot. to Dismiss (#21) at 1).

25  With respect to the want of prosecution argument, Plaintiff contends that the delay between

26  filing the complaint and the order granting reconsideration should not be counted against him.

27  (*Id.* at 2). Plaintiff argues that he has pled the element of disability and similarly-situated

28  individuals plausibly. (*Id.* at 2-3).

6

1    Defendant filed a reply.  (Reply to Mot. to Dismiss (#22)).

2    In order to bring a claim under the ADA, a plaintiff must exhaust administrative

3    remedies and sue within 90 days of receipt of a right to sue letter.  *See* 42 U.S.C. § 12117(a)

4    (incorporating Title VII enforcement procedures into the ADA); 42 U.S.C. § 2000e–5(f)(1)

5    (detailing Title VII procedures).  "[T]he 90-day filing period is a statute of limitations subject to

6    equitable tolling in appropriate circumstances."  *Stiefel v. Bechtel Corp*., 624 F.3d 1240, 1245

7    (9th Cir. 2010).   "Delivering or filing an application to proceed in forma pauperis, along with

8    the complaint, to the clerk of court tolls the ninety-day statute of limitations for filing a

9    complaint following the receipt of the EEOC's right to sue letter."  *Turner v. Power Servs.*,

10   2:11-cv-00190-PMP, 2012 WL 1574849, *4 (D. Nev. May 3, 2012) (citing *Toliver v. Sullivan*

11   *Cnty.*, 841 F.2d 41, 42 (2d Cir.1988)).

12   In this case, the Court finds that Plaintiff timely filed his complaint within 90 days of the

13   receipt of his right to sue letter.  Plaintiff's 90-day period expired on March 21, 2012.  Plaintiff

14   filed his application to proceed in forma pauperis and his complaint on March 19, 2012 with

15   the clerk's office.  As such, Plaintiff's original complaint was timely filed.

16   **I.    Failure to Accommodate (Claim One)**

17   To establish a prima facie case for failure to accommodate under the ADA, Plaintiff

18   must allege that "(1) he is disabled within the meaning of the ADA; (2) he is a qualified

19   individual able to perform the essential functions of the job with reasonable accommodation;

20   and (3) he suffered an adverse employment action because of his disability."  *Allen v. Pac.*

21   *Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003).  In the failure to accommodate context, an adverse

22   employment action may consist of a situation where "the employer's failure to reasonably

23   accommodate a known disability . . . leads to discharge for performance inadequacies

24   resulting from that disability."  *See Humphrey v. Mem'l Hospitals Ass'n*, 239 F.3d 1128, 1140

25   (9th Cir. 2001).

26   In this case, the Court finds that Plaintiff sufficiently pleads a claim for failure to

27   accommodate.  First, the SAC alleges that Plaintiff has diabetes and alleges that diabetes is

28   a disability within the meaning of the ADA.  (*See* SAC (#19) ¶¶ 3, 11).  Second, the SAC

1   alleges that Plaintiff is able to perform the essential functions of his bartending job with a break

2   accommodation.  (*See id.* ¶¶ 2, 12).  Third, the SAC alleges that because Plaintiff's supervisor

3   refused to let him take a break when he was "weak and dizzy" he accepted two expired drink

4   tickets and was then fired.  (*See id.* ¶¶ 6-7).  As such, Plaintiff has stated a claim for failure to

5   accommodate.  The Court denies Defendant's motion to dismiss the first cause of action.

6   **II.     Disparate Treatment (Claim Two)**

7          The U.S. Supreme Court has held that a disparate treatment claim which alleges that

8   an employer treated a disabled person less favorable is cognizable under the ADA.  *Raytheon*

9   *Co. v. Hernandez*, 540 U.S. 44, 53, 124 S.Ct. 513, 519, 157 L.Ed.2d 357 (2003) (citing 42

10  U.S.C. § 12112(b)).  To prevail on an employment termination claim under the ADA, a plaintiff

11  must establish "(1) that he is a disabled person within the meaning of the ADA; (2) that he is

12  qualified, that is, with or without reasonable accommodation (which he must describe), he is

13  able to perform the essential functions of the job; and (3) that the employer terminated him

14  because of his disability."  *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

15         As discussed above, Plaintiff sufficiently alleges these elements.  Additionally, with

16  respect to the disparate treatment claim, the Court finds that Plaintiff has sufficiently alleged

17  that "[o]ther similarly situated, without a disability, have accepted expired drink tickets and

18  were not terminated."  (*See* SAC (#19) ¶ 8).  As such, Plaintiff has stated a claim for disparate

19  treatment.  The Court denies Defendant's motion to dismiss the second cause of action.

20  **III.    Retaliation (Claim Three)**

21          "To establish a prima facie case of retaliation under the ADA, an employee must show

22  that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action;

23  and (3) there was a causal link between the two."  *Pardi v. Kaiser Found. Hospitals*, 389 F.3d

24  840, 849 (9th Cir. 2004).

25         Under the ADA, "a plaintiff must exhaust [his] administrative remedies by filing a timely

26  charge with the EEOC, or the appropriate state agency, thereby affording the agency an

27  opportunity to investigate the charge."  *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099

28  (9th Cir. 2002) (addressing Title VII).  "Subject matter jurisdiction extends over all allegations

1   of discrimination that either 'fell within the scope of the EEOC's actual investigation or an

2   EEOC investigation which can reasonably be expected to grow out of the charge of

3   discrimination.'" *Id*. at 1100.

4        In this case, the Court finds that Plaintiff did exhaust his administrative remedies on a

5   portion of his retaliation claim.  In his original charge of discrimination, Plaintiff only marked

6   discrimination based on "disability."  (NERC Charge of Discrimination (#20-1) at 5).  In his

7   factual basis for that charge, he detailed his discipline for charging someone for water.  (*See*

8   *id.*).  The Court finds that these facts would not lead to an investigation for retaliation.

9        However, the Court finds that Plaintiff's amended charge of discrimination states a claim

10  for retaliation.  In his amended charge of discrimination, Plaintiff marked discrimination based

11  on "disability."  (Amended NERC Charge of Discrimination (#20-1) at 16).  In his factual basis

12  for the amended charge, Plaintiff states that he asked his supervisor for a break for his

13  disability because he was not feeling well, that his supervisor said he did not know anything

14  about his disability and walked away, and that, as a result, Plaintiff accepted two expired drink

15  tickets and was fired.  (*See id.*).  The Court finds that these facts could lead to an investigation

16  into retaliation because Plaintiff alleges that he attempted to invoke his ADA rights, that his

17  employer's failure to provide an accommodation caused him to perform inadequately, resulting

18  in his termination.  As such, the Court finds that Plaintiff has stated a claim for retaliation with

19  respect to the expired drink ticket facts but not for charging someone for water.  The Court

20  grants in part and denies in part Defendant's motion to dismiss the third cause of action.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to Dismiss Second Amended Complaint (#20) is DENIED in part and GRANTED in part.  The motion to dismiss is DENIED as to the first and second causes of action.  The motion to dismiss is granted in part and denied in part as to the third cause of action.  With respect to the third cause of action, Plaintiff's retaliation claim under the facts related to the expired drink tickets survives the motion to dismiss, but the retaliation claim under the facts related to charging someone for water is dismissed for failure to state a claim.

DATED: This  26th   day of November, 2013.

_____
United States District Judge